IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANYA SMITH, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | No. 09-149 |
|     Defendants. | : | |

**MEMORANDUM AND ORDER**

**Schiller, J.**                                                                                                                                                                **March 25, 2009**

      Plaintiff Tanya Smith brings this action against Defendants the City of Philadelphia; Michael Nutter, the Mayor of Philadelphia; Amy Kurland, the City's Inspector General; and Celia O'Leary, the City's Acting Personnel Director, alleging that Defendants constructively terminated her and defamed her. Plaintiff asserts three claims: defamation, pursuant to 42 U.S.C. § 1983; violation of her procedural due process rights, pursuant to Section 1983; and intentional infliction of emotional distress. Currently before the Court is Defendants' motion to dismiss. For the reasons below, the motion is granted in part and denied in part.

**I.    BACKGROUND**

      Plaintiff began working for the City of Philadelphia in 1998 and became the City Director of Personnel on November 28, 2006. (Compl. ¶ 6.) The City Inspector General's Office investigated Plaintiff's office while Plaintiff was out on extended medical leave.[1] (*Id.* ¶¶ 7, 8.) On May 14, 2008, Plaintiff was constructively terminated from the Department of Personnel. (*Id.* ¶ 12.) According

---

[1] The Complaint alleges that Plaintiff's medical leave began in August, 2006, however, this is likely a typo because she did not become City Director of Personnel until November 28, 2006.

to a May 15, 2008 mayoral press release, the Inspector General's investigation revealed that Plaintiff, after learning that another Personnel Department employee failed a civil service examination, illegally cancelled part of the test to benefit that employee. (*Id.* ¶ 18(i).) The City cited the Inspector General's report as the basis for taking action against Plaintiff. (*Id.* ¶ 13.) Plaintiff alleges that she was never informed of the nature of the investigation, that the Inspector General's Office denied her request to secure a copy of the report, and that she was never given an opportunity to rebut the report's charges. (*Id.* ¶¶ 9-10, 14.)

Plaintiff further alleges that Defendants informed the news media that she was terminated for dishonesty. (*Id.* ¶ 15.) She cites to a mayoral press release and a Philadelphia Daily News article, in which Defendants accused Plaintiff of improperly canceling the examination so as to aid her friend and impeding the Inspector General's investigation, and made other allegedly false statements about her. (*Id.* ¶¶ 18a-18c, 18f-18i.) Defendants also allegedly published false and defamatory statements about Plaintiff on the internet and the radio. (*Id.* ¶¶ 18d, 18e, 18j.) Plaintiff, who alleges that she maintained a good reputation "generally and in her occupation as Personnel Director" prior to that point, alleges that Defendants' statements were false and that they impugned her honesty, integrity, virtue and reputation. (*Id.* ¶¶ 20, 22-23.)

## II.   STANDARD OF REVIEW

A court reviewing a motion to dismiss, pursuant to Rule 12(b)(6), must accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Although the federal rules impose no probability

requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Simply reciting the elements will not suffice. *Phillips*, 515 F.3d at 231. Furthermore, a court need not accept "unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." *Baraka v. McGreevy*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citation omitted). When faced with a motion to dismiss for failure to state a claim, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

**III.   DISCUSSION**

    **A.   Plaintiff has Stated a Section 1983 Claim for Deprivation of a Liberty Interest.**

To state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law deprived him of a federally protected right. *See* 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 49 (1988). Defendants move to dismiss Count One of Plaintiff's Complaint, titled "Defamation 42 U.S.C. § 1983," arguing that "Section 1983 only provides redress for violations of federal constitutional law or statutory law, not state law claims such as defamation." (Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 4.) Plaintiff counters that her claim is properly brought pursuant to Section 1983 because it is based on a deprivation of procedural due process, specifically, a deprivation of her Fourteenth Amendment liberty interest.

To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff

must allege that: (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty or property;" and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Since reputation alone is not a protected liberty interest under the Fourteenth Amendment, "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." *Id.* at 236; *see also Dee v. Borough of Dunmore*, 549 F.3d 225, 233 (3d Cir. 2008). This test, known as the "stigma-plus" test, is satisfied "when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with his termination.'" *Hill*, 455 F.3d at 236 (quoting *Codd v. Velger*, 429 U.S. 624 (1977)). The defamatory impression constitutes the "stigma," while the termination constitutes the "plus." *Id.*

In *Hill*, the plaintiff, the Borough Manager of Kutztown, alleged that he was forced to resign from his position because the Mayor harassed him and falsely accused him of improperly handling Borough funds. The plaintiff brought several claims, including one for deprivation of procedural due process based on his liberty interest in his reputation. The Third Circuit reversed the dismissal of this claim, holding that "a public employee who is defamed in the course of being terminated or constructively discharged satisfies the 'stigma-plus' test even if, as a matter of state law, he lacks a property interest in the job he lost." *Hill*, 455 F.3d at 238.

In her Complaint, Plaintiff points to several publications in which the Defendants made statements that she was terminated as a result of unethical behavior revealed by the Inspector General's investigation. (Compl. ¶¶ 18a-18j.) Plaintiff alleges these statements were false and

4

impugned her previously good reputation. (*Id.* ¶¶ 17, 22-25); *see Hill*, 455 F.3d at 236 ("To satisfy the 'stigma' prong of the test, it must be alleged that the purportedly stigmatizing statement(s) (1) were made publicly, and (2) were false.") (internal citations omitted). She also alleges that she was never informed of the investigation into her conduct, that she was constructively discharged, and that she was never given an opportunity to rebut the charges against her. (Compl. ¶¶ 9, 12, 14.)

Plaintiff's contentions satisfy the "stigma-plus" test and therefore state a claim under Section 1983. Defendants' argument that Plaintiff is effectively pursuing a state law claim is premised on a misreading of the Complaint. Plaintiff has specifically pled that Count One is brought pursuant to Section 1983 and that it is premised on a violation of her due process rights. (Compl. ¶ 27.) Since Plaintiff's allegations that Defendants defamed her while constructively terminating her sufficiently state a claim under the stigma plus test, Defendants' motion to dismiss this claim is denied. Furthermore, Defendants' assertion that they are entitled to high official immunity is incorrect because this law does not protect them from constitutional claims.[2] *Hill*, 455 F.3d at 243-44 ("[W]e hold that the doctrine of high official immunity under Pennsylvania law does not shield [the Mayor] from suit under § 1983. That doctrine shields high officials from state law claims, not constitutional claims."); *see also Mun. Revenue Servs., Inc. v. McBlain*, Civ. A. No. 06-4749, 2007 WL 879004, at *2 (E.D. Pa. Mar. 19, 2007).

---

[2] The Court notes that Plaintiff has not alleged that the violation of her constitutional rights was caused by any policy or custom of the City, so as to support a Section 1983 claim against the City, pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Because the City did not raise this issue in its motion, however, the Court will not address it at this time.

### B.      Plaintiff's Procedural Due Process Claim for Wrongful Termination Fails Because She Cannot Establish a Property Right.

To prevail on her second due process claim, which is based on her alleged wrongful termination, Plaintiff must establish that she possessed a property interest in her job. *See Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). "To have a property interest in a job, however, a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Id.* at 282 (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Any such entitlement is established by state law. *Kelly v. Borough of Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997) ("State law creates the property rights protected by the Fourteenth Amendment."). In Pennsylvania, the default rule is that public employees serve at will. *Elmore*, 399 F.3d at 282; *see also Scott v. Phila. Parking Auth.*, 166 A.2d 278, 280 (Pa. 1960). Although Pennsylvania's Civil Service Act provides an exception to that rule, an employee must qualify for civil service to be entitled to its protections. *See Scott*, 166 A.2d at 281; *Lynch v. Borough of Ambler*, Civ. A. No. 94-6401, 1996 WL 283643, at **10-11 (E.D. Pa. May 29, 1996); *see generally* 71 PA. CONS. STAT. ANN. § 741.1 *et seq.* (Civil Service Act). An at-will employee is not entitled to continued employment and, thus, possesses no property interest in her job. *Elmore*, 399 F.3d at 282; *see also Hill*, 455 F.3d at 234.

Plaintiff's procedural due process claim challenges her constructive termination, without a hearing or opportunity to respond to the charges against her, from her job as Personnel Director for the City of Philadelphia. Her opposition to the instant motion makes clear that she claims a property interest based on her status as a civil servant, because the City's civil service employees may only be dismissed for just cause and are entitled to a hearing before the Civil Service Commission if

dismissed. (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss [hereinafter "Pl.'s Mem."] at 8-10.); *see also* 53 PA. CONS. STAT. ANN. §§ 12622, 12623 (noting offices and employments classified as civil service for first class cities such as Philadelphia); 351 PA. CODE. §§ 7.7-201; 7.7-303 (2009). According to the City's Home Rule Charter, however, the Personnel Director is exempt from civil service. 351 PA. CODE. § 7.7-301(b). Thus, based on the facts pled in the Complaint, Plaintiff cannot establish a property interest in her continued employment as the Personnel Director and her procedural due process claim fails.[3]

Plaintiff includes in her opposition a section entitled "Additional Facts Not Alleged in the Complaint," in which she explains that although the Complaint states that she was the Personnel Director, she was, in fact, only Acting Personnel Director, a position she held concurrently with her position as Deputy Director. Accordingly, Plaintiff states that, by virtue of her dual roles, she "was a civil service employee . . . and never was appointed to an exempt position." (Pl.'s Mem. at 3.) First, the Court may not consider these additional facts on a motion to dismiss — the Court must determine whether Plaintiff has stated a claim based on the facts pled, not new facts brought to light in response to a motion to dismiss. *See White v. City of Phila.*, 118 F. Supp. 2d 564, 567 (E.D. Pa. 2000) (on a 12(b)(6) motion, "[t]he court must only consider those facts alleged in the complaint."). Second, even if the Court could consider these additional facts, Plaintiff still lacks a property interest in her job because the City's Home Rule Charter also exempts the Deputy Director from civil service. 351 PA. CODE § 7.7-301(b) ("[A]ll officers and employees of the City, including all officers and employees of all departments, all independent boards and commissions and all departmental

---

[3] In this respect, Plaintiff's case is easily distinguishable from *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 535 (1985), on which she relies, because in that case, the plaintiff was clearly a "classified civil servant" under Ohio law.

boards and commissions, shall be under civil service except: . . . (b) The Managing Director, the Director of Finance and the Personnel Director and their deputies . . . .").

### C. Plaintiff's Intentional Infliction of Emotional Distress Claim Fails

Plaintiff's intentional infliction of emotional distress claim is governed by Pennsylvania law. To prevail on such a claim, a plaintiff must establish that the defendant's conduct was extreme or outrageous. *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998). The "'conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Id.* (quoting *Buczek v. First Nat'l Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987)). Indeed, it is even insufficient "'that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.'" *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d)). Moreover, "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988).

In *Cox*, the Third Circuit affirmed the district court's order directing a verdict for the defendant-employer on the plaintiff's intentional infliction of emotional distress claim. The defendant terminated the plaintiff on the first day the plaintiff returned from medical leave, during which he had undergone triple bypass surgery. The plaintiff alleged the defendant terminated him for the purpose of interfering with his employment benefits. The court observed that:

> [The defendant] fired [the plaintiff] on his first day back to work. [The defendant]

> knew that [the plaintiff] had undergone triple by-pass surgery, and was returning to work on a trial basis and that accordingly his physical and emotional recuperation were not complete when [the defendant] fired him. [The defendant] may be said to have known that by firing [the plaintiff], it was endangering his chances of collecting medical and disability benefits. [The defendant] may also be said to have known that by firing [the plaintiff] it was depriving him of a valuable therapeutic tool and jeopardizing his chances to obtain alternate employment.

*Cox*, 861 F.2d at 395.

The *Cox* court explained that intentional infliction of emotional distress claims rarely succeed in the employment context, noting that courts applying Pennsylvania law have rejected such claims "where an employer deceived an employee into foregoing other employment" and "where the employer engaged in a premeditated plan to force an employee to resign by making employment conditions more difficult." *Id.* (citing *Cautilli v. GAF Corp.*, 531 F. Supp. 71, 74 (E.D. Pa. 1982) and *Madreperla v. Williard Co.*, 606 F. Supp. 874, 880 (E.D. Pa. 1985)). The court therefore concluded that, although the defendant may have terminated the plaintiff based on an improper motive and despite the adverse effects this may have had on the plaintiff, the plaintiff could not establish sufficiently outrageous conduct to prevail on an intentional infliction of emotional distress claim.

In *Clark v. Township of Falls*, 890 F.2d 611 (3d Cir. 1989), the Third Circuit again rejected a claim of intentional infliction of emotional distress in the employment context, concluding that the district court erred by failing to grant judgment as a matter of law to the defendant. The plaintiff was a police officer who alleged that the defendants, the police chief and a member of the Township's Board of Supervisors, unjustly accused him of police misconduct, initiated a criminal investigation into certain of his conduct, publicized disparaging reports about him, changed his job-related duties, deprived him of privileges and possibly restricted his speech at Board meetings. The court held that

"[t]hese acts, while deplorable, do not constitute extreme and outrageous conduct as Pennsylvania has defined those terms." *Id.* at 624; *see also Project Mgmt. Inst., Inc. v. Ireland*, Civ. A. No. 99-4891, 2000 WL 375266, at **6-7 (E.D. Pa. Apr. 11, 2000) (dismissing intentional infliction of emotional distress claim for failure to state a claim where defendant, former president of plaintiff Project Management Institute, allegedly defamed the company and a board member who was also a plaintiff).

Based on this precedent, it is clear that Plaintiff's allegations — that Defendants terminated her while she was out on medical leave, or shortly after she returned from medical leave, and disparaged her in the process — describe conduct insufficiently outrageous to establish an intentional infliction of emotional distress claim as a matter of law. Plaintiff's failure to respond at all to Defendants' arguments for dismissal of this claim would appear to concede as much. Accordingly, Plaintiff's intentional infliction of emotional distress claim is dismissed.

## IV.   CONCLUSION

Since Plaintiff's allegation that Defendants deprived her of a constitutionally protected liberty interest is sufficient to state a Section 1983 claim for deprivation of procedural due process, she may proceed on that claim. However, Plaintiff's claim for deprivation of procedural due process based on wrongful termination fails because she does not possess a property interest in her job. Plaintiff has also failed to state a claim for intentional infliction of emotional distress. Accordingly, these two claims must be dismissed. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANYA SMITH, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | No. 09-149 |
|     Defendants. | : | |

## ORDER

**AND NOW**, this **25th** day of **March, 2009**, upon consideration of Defendants' Motion to Dismiss, Plaintiff's response thereto, and Defendants' reply thereon, and for the foregoing reasons, it is hereby **ORDERED** that the motion (Document No. 2) is **GRANTED in part** and **DENIED in part** as follows:

1. Count Two of the Complaint (due process wrongful termination) is **DISMISSED**.

2. Count Three of the Complaint (intentional infliction of emotional distress) is **DISMISSED**.

3. Defendants shall answer the allegations of Count One of the Complaint by **April 8, 2009**.

BY THE COURT:

_____
**Berle M. Schiller, J.**